## WILLIAM BURNS v. THE STATE.

1. An indictment charged the defendant with the theft of a pair of boots from the store of C., said boots being then and there the property of P., and in the possession of said C. The indictment averred the taking to be "without the consent of the owner." *Held* to be sufficient; the indictment does, in effect, negative the idea of the consent of either P. or C.

2. Where the mere possession of property is entrusted by one person to another, with no other power than to hold the same, he is incompetent to consent to the taking of the property by another; consequently, in an indictment for theft, it is unnecessary to charge that the taking was without the consent of the person holding the same.

3. When the defendant in a prosecution for theft relies upon the consent of a third person to the taking of the goods as an element in his defense, it devolves upon him to prove this fact, in order to rebut the presumption of guilty intent arising from the taking without the consent of the owner.

4. Property purchased in a store and left there for safe keeping until called for, is left in the possession of the owner of the store, whether he be personally present or not.

APPEAL from Parker. Tried below before the Hon. Charles Soward.

The facts of the case are sufficiently stated in the opinion of the court.

*A. J. Hood,* for appellant.

*Wm. Alexander, Attorney General,* for the State.

OGDEN, J.—The appellant in this case was indicted for the theft of a pair of boots from the store of John F. Cocks, said boots being then and there the property of William Porter, and in the possession of said John F. Cocks, without the consent of the owner. He was put upon trial and convicted, and the counsel moved the court to arrest the judgment, because the indictment did not allege that the taking was without the consent of the person holding the possession of the property. The motion was overruled by the court, and the ruling on that question is assigned as error for the reversal of the judgment. The indictment follows the statute almost literally in charging the ownership and possession of the property, as well as the want of consent, and this seems also to be under the authority of Wharton's Criminal Law, Sections 1818 and 1824, as well as 2 Bishop on Criminal Law, 823, 831. The indictment alleges the ownership of the property to be in William Porter, and the special property in Cocks, and it may

be assumed with much force that the charge of the "taking without the consent of the owner" did negative the idea of the consent of either Porter or Cocks, as they were either absolute or qualified owners.

Besides, if Cocks held the property as the agent of Power, and had authority to give consent to the taking, then his act in that respect would be the act of the owner, and his consent would be the consent of the owner. But the indictment alleges that Cocks held the property for Porter, and it may be presumed that he had no other authority over the property than to hold it, and could give no consent to the taking; and if so, then it was unnecessary for the indictment to contain such an allegation. (2 Bishop's Criminal Law, 827.) But if Cocks, or any one else excepting the owner, had given any consent or permission for the taking, that fact would devolve upon the defendant to prove, in order to rebut the presumption of a guilty or fraudulent intention, raised by the fact that he had taken the property without the consent of the owner. We are therefore of the opinion that the indictment is good, notwithstanding that it fails to allege in direct terms that defendant took the property without the consent of Cocks.

The store in which Porter left his boots belonged to John F. Cocks; and William Cocks was simply a clerk for John F., and any property which may have been purchased at the store, and left for safe keeping until called for, was left in the possession of John F. Cocks, whether he was personally present or not. We have been unable to discover any error in the ruling of the court which will require a reversal of the judgment. The facts were submitted to a jury, and upon those facts the jury have found the defendant guilty.

There can hardly be a doubt that there was sufficient

evidence to support the verdict; and if so, this court would not be authorized, simply because it was against the weight of evidence, to disturb it. There was an attempt to prove that the defendant, at the time of tak·ing the property, was so drunk that he did not know what he was doing, and therefore was not responsible. But it was also proven that when the defendant took the property and was carrying it off, he had sufficient reason and cunning left to induce him to attempt a concealment of his acts, by wrapping the boots up in a blanket, and by carrying them home and hiding them away in a trunk. Evidently the jury placed but little faith or credence in his plea of drunkenness, and in that respect we fully approve of their verdict.

The judgment of the district court is affirmed.

AFFIRMED.